NO. 07-01-0306-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 5, 2002



______________________________


 


LEE EDWARD BOOTEN


A/K/A LEE EDWARD TURNER, A/K/A QUICK





V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 155TH DISTRICT COURT OF WALLER COUNTY;



NO. 00-07-10,291; HONORABLE MARY BACON, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and JOHNSON, JJ.

ORDER OF ABATEMENT AND REMAND


 Appellant Lee Booten has given notice of appeal from a conviction and sentence
in Cause No. 00-07-10,291 in the 155th District Court of Waller County, Texas (the trial
court), for delivery of a controlled substance. The appellate court clerk received and filed
the trial court clerk's record on June 18, 2001, and received and filed the trial court
reporter's record on November 26, 2001. By letter dated May 14, 2002, the appellate clerk
advised counsel for appellant that appellant's brief was past due, and that neither the brief
nor a motion for extension of time for filing of the brief had been received. Counsel for
appellant was further advised by such letter that if no response to the letter was received
on or before May 28, 2002, the appeal would be abated to the trial court for hearing
pursuant to Tex. R. App. P. 38.8. No response to the clerk's letter of May 14, 2002, has
been received.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then
whether appellant's present counsel should be replaced; and (3) what orders, if any, should
be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant
desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the
trial court determines that the present attorney for appellant should be replaced, the court
should cause the clerk of this court to be furnished the name, address, and State Bar of
Texas identification number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk's
record, supplemental reporter's record, and any additional proceeding records, including
any orders, findings, conclusions and recommendations, are to be sent so as to be
received by the clerk of this court not later than July 16, 2002. 

 

 Per Curiam

Do not publish.






#160;         Appellee

_________________________________

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 05-1399-K26; HON. BILLY RAY STUBBLEFIELD, PRESIDING

_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant Jason Earle Wells was placed on deferred adjudication after pleading
guilty in 2006 to the offense of burglary of a habitation. The State sought to have his guilt
adjudicated in September 2007 and again in April 2008. After a hearing, the court revoked
appellant’s probation, adjudicated his guilt, and sentenced him to twelve years
confinement. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that the appeal is without merit. Along with his brief, appellate counsel has
attached a copy of a letter sent to appellant informing him of counsel’s belief that there was
no reversible error and of appellant’s right to file a response or brief pro se. By letter dated 
June 22, 2009, this court also notified appellant of his right to file his own brief or response
and set July 22, 2009, as the deadline to do so. To date, we have received no response. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
several potential areas for appeal. They include 1) whether the trial court was neutral and
detached, 2) whether the State proved by a preponderance of the evidence that appellant
violated one or more conditions of his probation, and 3) whether any error occurred at the
time appellant was first placed on deferred adjudication. Counsel has explained why the
first and third issues lack merit. 
           With respect to the second issue, counsel states that the sufficiency of the
evidence to support the trial court’s decision to adjudicate is not appealable. However, as
the State points out, the same was appealable at the time of the hearing on the motion to
adjudicate in this matter. See Tex. Code Crim. Proc. Ann. art. 42.12 §5(b) (Vernon Supp.
2008). Nevertheless, pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), we have conducted our own review of the record and conclude that the evidence
was sufficient to support one or more violations. Our own review has also failed to reveal
any reversible error. 
          Accordingly, the motion to withdraw is granted, and the judgment is affirmed.



 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.